Filed 1/19/22  Kapnisis v. Colony Ins. Co. CA2/4
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| KONSTANTINOS KAPNISIS, | B308056 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 19STCV13764) |
| v. | |
| COLONY INSURANCE COMPANY, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Christopher K. Lui, Judge.  Affirmed.

Charlton Weeks, Rikka J. Fountain and Bradley T. Weeks for Plaintiff and Appellant.

Sheppard, Mullin, Richter & Hampton, Peter H. Klee, Samuel D. Duimovich, Matthew G. Halgren and Marc J. Feldman for Defendant and Respondent.

# INTRODUCTION

In this insurance coverage dispute, Konstantinos Kapnisis (Kapnisis) appeals from the judgment entered following the trial court's order granting summary judgment in favor of Colony Insurance Company (Colony).

Kapnisis wanted to buy a restaurant called Big Oaks. The same day Kapnisis signed the purchase agreement, he also signed a month-to-month lease to rent Big Oaks pending the close of escrow. The lease required him to pay Big Oaks' insurance premium in order to operate the restaurant. Colony subsequently issued a policy naming Big Oaks as the insured. Two weeks later, a fire destroyed Big Oaks. Colony issued checks payable to "Big Oaks" and sent payment to the mailing address listed in the insurance policy.

On appeal, Kapnisis challenges the trial court's ruling on breach of contract and breach of implied covenant of good faith and fair dealing against Colony.[1] Kapnisis contends Colony breached the insurance policy by failing to pay him the insurance benefits. In addition, Kapnisis argues Colony acted in bad faith because Colony refused to pay him despite knowing he was the insured. We disagree and affirm the judgment.

---

[1]     In his opening brief, Kapnisis requests that we reverse the trial court's order granting summary judgment "as to all causes" of action. However, Kapnisis fails to address the merits of the unfair competition claim (Bus. & Prof. Code, § 17200) and punitive damages. Therefore, we deem those claims waived. (See *Pfeifer v. Countrywide Home Loans, Inc.* (2012) 211 Cal.App.4th 1250, 1282; *Reyes v. Kosha* (1998) 65 Cal.App.4th 451, 466, fn. 6.)

# FACTUAL AND PROCEDURAL BACKGROUND[2]

*Big Oaks*

Big Oaks was a restaurant located on land owned by the United States Forest Service. In 2012, Hitendra Golakiea and his wife, Ila Patel, purchased Big Oaks.

Golakiea and Patel decided to sell, and Kapnisis offered to purchase, Big Oaks for $220,000. On July 24, 2017, the parties signed a Commercial Property Purchase Agreement and Joint Escrow Instructions (Purchase Agreement). The Purchase Agreement stated, among other things, that the offer was contingent upon Kapnisis obtaining: (1) a special use permit from the United States Forest Service; and (2) a permanent liquor license from the California Department of Alcohol Beverage Control. The title of Big Oaks would be conveyed through a grant deed "at the close of escrow." Moreover, the Purchase Agreement could only be amended in writing by both parties. On July 27, 2017, escrow was opened.

On the same day that he signed the Purchase Agreement, Kapnisis signed a month-to-month Commercial Lease Agreement (Lease) with Golakiea and Patel to lease Big Oaks. Kapnisis signed the Lease in order to begin operating Big Oaks before the sale of the property closed. The lease required Kapnisis, as the tenant, to pay the operating expenses and utilities, insurance premiums, and real

---

[2]    "'Because this case comes before us after the trial court granted a motion for summary judgment, we take the facts from the record that was before the trial court when it ruled on that motion. [Citation.]'" (*Wilson v. 21st Century Ins. Co.* (2007) 42 Cal.4th 713, 716–717 (*Wilson*).)

3

property taxes. As of July 2017, Kapnisis managed Big Oaks and lived on the property. On December 15, 2017, Golakiea died.

Kapnisis never obtained either the special use permit from the United States Forest Service or the requisite liquor license. Because of his failure to obtain the required documents, escrow never closed. Therefore, title to Big Oaks did not transfer to Kapnisis.

*Insurance Policy*

Under the terms of the Lease, Kapnisis was responsible for paying the insurance on Big Oaks. In June 2018, Kapnisis received a call from Big Oaks' insurance broker, Huntington Pacific Insurance Agency, and learned that the insurance policy on Big Oaks was up for renewal. Kapnisis began discussing renewal of Big Oaks' policy with the broker.

On June 17, 2018, the insurance broker, through an intermediary, obtained a quote for Big Oaks from Colony. The quote included $255,000 in building coverage and $100,000 in contents coverage, for a premium of $4,145.54.

In July 2018, Colony received an application for insurance for Big Oaks, which was signed by Kapnisis. The only applicant listed was "Big Oaks Lodge," with a handwritten address of 33101 Bouquet Canyon Road, Saugus CA 91390, which was the physical address of the restaurant. Colony then issued Policy No. 101-PKG-0104275-00 (Policy), listing "Big Oaks" as the insured. The listed mailing address was 2533 North Lamer Street, Burbank CA 91504 (the North Lamer

4

address).[3]  This mailing address was also Patel's residential address. The Policy had the same limits and premiums as the June 17, 2018 quote and was effective from July 10, 2018, through July 10, 2019.  It did not cover the tenant's property.  The Lease obligated Kapnisis as the tenant to buy his own insurance to cover any loss to personal property and advised him to carry business interruption insurance.

Kapnisis paid the insurance broker the premium of $4,125, and received a receipt from the insurance broker with his name handwritten on it.

*The Fire*

Two weeks later, on August 11, 2018, a fire broke out at Big Oaks and the entire building burned down.  Kapnisis and Patel each made claims with Colony for policy benefits as a result of the fire.  Patel told Colony that she was the owner of Big Oak and Kapnisis was the tenant. Kapnisis also claimed he was the owner of Big Oaks; however, he did not provide Colony with any documentation proving he owned Big Oaks at the time of the fire.

In September 2018, Colony issued a series of checks made payable to "Big Oaks" for the fire loss.  Colony paid a total of $335,368.76. Colony sent the checks to the North Lamer address.

---

[3]    Colony's insurance binder, submitted by Kapnisis in opposition to the motion for summary judgment, listed Big Oaks as the insured and the North Lamer address as the corresponding mailing address.

In June 2019, Kapnisis signed a joint escrow instruction canceling the Big Oaks escrow.

*The Lawsuit*

Kapnisis initiated this lawsuit against Colony for breach of contract, breach of implied covenant of good faith and fair dealing, unfair competition, negligence, and declaratory relief.[4] He also sought punitive damages against Colony. As relevant here, Kapnisis alleged breach of contract for failing to pay him the insurance benefits under the Policy. As to breach of implied covenant of good faith and fair dealing, Kapnisis alleged Colony's conduct was unreasonable, in bad faith, and inimical to his receipt of those benefits.

Kapnisis subsequently dismissed the negligence claim against Colony. Thereafter, the trial court sustained Colony's demurrer to the declaratory relief cause of action, leaving the breach of contract, breach of the implied covenant of good faith and fair dealing, and unfair competition causes of action.

As relevant here, Colony filed a motion for summary judgment or summary adjudication, arguing that there was no breach of contract because it complied with the express terms of the Policy by writing checks to "Big Oaks" and mailing those checks to the address listed on the Policy. Colony further argued that because Kapnisis was not entitled to the Policy benefits and had no valid breach of contract claim,

---

[4]  Kapnisis also sued Argo Group US, Inc., Huntington Pacific Insurance Agency, Inc., Mark David Heberden, and R.E. Chaix & Associates Insurance Brokers, Inc., but they are not parties to this appeal.

his cause of action for bad faith failed as well. Additionally, Colony argued there was a genuine dispute over whether Kapnisis was entitled to any insurance benefit. At the hearing, the trial court took the motion under submission after argument from the parties. Following the hearing, the court granted the summary judgment motion as to all causes of action and entered judgment in favor of Colony. Specifically, the court found there was no breach of contract because Colony mailed the insurance proceeds to "Big Oaks," the named insured on the Policy at the address listed on the Policy. Because there was no breach of contract claim, the corresponding breach of implied covenant of good faith and fair dealing also failed. Furthermore, there was sufficient evidence to demonstrate there was a genuine dispute as to whether Kapnisis should have received the Policy benefits.

Kapnisis filed a timely notice of appeal.

## DISCUSSION

### I. *Standard of Review*

On appeal from the grant of a summary judgment motion, "'"[w]e review the trial court's decision de novo, considering all the evidence set forth in the moving and opposing papers except that to which objections were made and sustained."' [Citation.] We liberally construe the evidence in support of the party opposing summary judgment and resolve doubts concerning the evidence in favor of that party. [Citation.]' [Citation.]" (*Wilson, supra*, 42 Cal.4th at p. 717.)

"'A trial court properly grants a motion for summary judgment only if no issues of triable fact appear and the moving party is entitled to

judgment as a matter of law.  [Citations.]  The moving party bears the burden of showing the court that the plaintiff "has not established, and cannot reasonably expect to establish,'" the elements of his or her cause of action.  [Citation.]"  (*Wilson, supra,* 42 Cal.4th at p. 720.)

II. *Argument*

Kapnisis contends the trial court erred in granting summary judgment in favor of Colony on his breach of contract claim.  We disagree.

The standard elements of a breach of contract claim are:  (1) the existence of a contract, (2) the plaintiff's performance or excuse for nonperformance, (3) the defendant's breach, and (4) resulting damage to the plaintiff.  (*Abdelhamid v. Fire Ins. Exchange* (2010) 182 Cal.App.4th 990, 999.)

The interpretation of an insurance policy is a question of law and follows the general rules of contract interpretation.  (*Haynes v. Farmers Ins. Exchange* (2004) 32 Cal.4th 1198, 1204; *Waller v. Truck Ins. Exchange, Inc.* (1995) 11 Cal.4th 1, 18 (*Waller*).)  As our Supreme Court instructs, "The rules governing policy interpretation require us to look first to the language of the contract in order to ascertain its plain meaning or the meaning a layperson would ordinarily attach to it."  (*Waller, supra,* at p. 18; *Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254, 1264 ["[i]f contractual language is clear and explicit, it governs"].)  "We recognize the principal that an insured's '. . . "objectively reasonable expectations" may be considered *to resolve* an

ambiguous policy provision . . . but cannot be relied upon to *create* an ambiguity where none exists.' [Citation.]" (*Lee v. Fidelity National Title Ins. Co.* (2010) 188 Cal.App.4th 583, 597 (*Lee*).)

Kapnisis does not dispute that "Big Oaks" was the named insured on the Policy and that the insurance proceeds were mailed to the address listed on the Policy. It is further undisputed that neither Kapnisis nor his address were listed on the Policy. We therefore agree with the trial court that Colony satisfied its contractual obligations to pay policy benefits to "Big Oaks" at the address listed on the Policy.

Kapnisis repeatedly asserts that Colony paid Patel the insurance proceeds. This claim is not supported by the record. Colony issued checks addressed to "Big Oaks," which was listed as the insured under the Policy. None of the checks issued by Colony was made payable to Patel. Colony sent those checks to the North Lamer address in the Policy, which also happened to be Patel's residential address. Colony followed the express terms of the Policy and any dispute beyond that, such as Patel's authority to cash those checks, is not between Kapnisis and Colony but potentially between Kapnisis and Patel. Similarly, Kapnisis argues that "Big Oaks" was his trade name, Patel never used the name, and therefore he was the intended insured under the Policy. As discussed above, Colony complied with its contractual obligations to pay the insurance proceeds to the listed insured and corresponding address in the Policy. If "Big Oaks" was truly Kapnisis's trade name, that again raises a potential dispute between Kapnisis and Patel, not Colony.

9

Despite his contention that the Policy's terms are unambiguous, Kapnisis relies on the application submitted to Colony to demonstrate he is the intended insured under the Policy. Generally, a court may not consider extrinsic evidence to vary or contradict the clear and unambiguous terms of a written contract. (*Wolf v. Walt Disney Pictures & Television* (2008) 162 Cal.App.4th 1107, 1126–1127.) "Big Oaks Lodge" is listed as the applicant with a handwritten address of 33101 Bouquet Canyon Road, Saugus CA 91390. This is the physical address of Big Oaks as well as Kapnisis's residence at the time of the fire. In the application, Kapnisis is identified as the contact person. Kapnisis therefore argues that the North Lamer address listed on the Policy was "due to a broker error." By Kapnisis's own admission, any dispute arising out of this error is between Kapnisis and the insurance broker, not Colony. Furthermore, the information on this application does not change the fact that Kapnisis name and his address were not contained in the Policy itself. And more importantly, Colony's insurance binder, submitted by Kapnisis in opposition to the motion for summary judgment reflects that the named insured is "Big Oaks" with the North Lamer address.

Contrary to Kapnisis's contention, *Lee, supra,* does not support his breach of contract claim. That case concerned coverage under a title insurance policy issued by an insurer to the plaintiffs. (*Lee, supra,* 188 Cal.App.4th at p. 587.) The insurer had issued a preliminary report that repeatedly referred to two tax assessor parcel numbers but included a legal description of only one parcel to be insured. (*Id.* at pp. 587–588.) The legal description of the one parcel was incorporated into

10

the title insurance policy. Although the parcel number references were not incorporated into the terms of the policy, the policy attached a map depicting the two parcels. When the plaintiffs later discovered they did not, in fact, own one of the assessed parcels and made a claim under the policy, the insurer stood behind the legal description of one parcel in the policy and denied coverage. In reversing summary judgment for the breach of contract claim, the Court of Appeal held that the preliminary report in this case could be reasonably construed as an offer to insure both parcels. (*Id.* at pp. 595–597.) The court explained the buyer generally sees only the preliminary report before closing and would necessarily expect the subsequently delivered policy to conform to the preliminary report. (*Id.* at p. 597.)

Kapnisis contends the insurance application submitted to Colony is relevant extrinsic evidence as to his reasonable expectation that he was the insured under the Policy, and that the insurance benefits would go directly to him. Unlike the preliminary report in *Lee,* the application is not an offer by Colony to insure him. The application was wholly completed by Kapnisis, not Colony or a Colony representative. Thus, Colony made no representation in the application regarding the named insured or the corresponding address. However, the insurance binder reasonably could be construed as such an offer by Colony. Like a preliminary report, the insurance binder serves as a placeholder until the formal policy is issued by the insurance company. As noted, the insurance binder lists Big Oaks as the insured with the North Lamer address.

11

We conclude that Kapnisis has failed to submit evidence sufficient to establish a triable issue of material fact as to Colony's alleged breach of contract. Absent a breach of contract, Colony did not breach the implied covenant of good faith and fair dealing. (See *Waller, supra,* 11 Cal.4th at p. 36 [if the insurer did not breach the policy, it did not breach the implied covenant]; see also *Minich v. Allstate Ins. Co.* (2011) 193 Cal.App.4th 477, 493 [where insurer granted judgment as a matter of law on breach of contract claim, bad faith claim also fails].) Therefore, it is unnecessary to address Kapnisis's remaining argument that the genuine dispute doctrine cannot support the summary adjudication of the implied covenant of good faith and fair dealing cause of action.

## DISPOSITION

The judgment in favor of Colony is affirmed. Colony is entitled to costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, Acting P. J.

We concur:


COLLINS, J.                    MICON, J.*

---

*Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

12